✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET 12-CV-352

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**GP**

**12 352**

## I. (a) PLAINTIFFS

Simpson. Armetha

**DEFENDANTS** Delaware River Port Authority of PA & NJ; Matthew L. Romano, Shawn Waters, Richard Rudolfi and L. Latorres

**(b)** County of Residence of First Listed Plaintiff **Phila.**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joyce Ullman, 21 So. 12th St., Phila.,Pa. 19107, 215-751-1121

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Sec. 1983 & 28 USC Sec. 1367

Brief description of cause: Violation of 4th & 14th Amendments of US Constitution plus state claims of assault/battery & intentional infliction of emotional distress.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/23/2012

SIGNATURE OF ATTORNEY OF RECORD _Joyce Ullman_

JAN 2 3 2012

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __4540 North Colorado Street, Phila., PA 19140__  **12**  **352**

Address of Defendant: __Delaware River Port Authority - PA & NJ, 1 One Port Center, 2 Riverside Dr.,__
__Camden, NJ 08101 (SEE REVERSE SIDE)__

Place of Accident, Incident or Transaction: __8th & Market Streets Subway Concourse, Phila., PA__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
  Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
  Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
  Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
  Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
  (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
  (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __JOYCE ULLMAN__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __1/23/2012__    _Joyce Ullman_    __12736__
                Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.    JAN 2 3 2012

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/23/2012__    _Joyce Ullman_    __12736__
                Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

ARMETHA SIMPSON

v.

DELAWARE RIVER PORT AUTHORITY OF PA &
NJ, and PATROLMEN MATTHEW L. ROMANO,
SHAWN WATERNS, RICHARD RUDOLFI and
A. LATORRES

CIVIL ACTION

12          352

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)

| 1/23/2012 | Joyce Ullman | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-751-1121 | 215-751-1063 | joyceullman@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 23 2012

# 300

**JOYCE ULLMAN, ESQUIRE**
ID No. 12736
21 S. 12th Street, Suite 900
Philadelphia, PA 19107
(215) 751-1121

Attorney for Plaintiff.
Armetha Simpson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARMETHA SIMPSON<br>4540 North Colorado Street<br>Philadelphia, PA 19140 | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| vs. | : | NO. |
| | : | **12        352** |
| DELAWARE RIVER PORT AUTHORITY<br>OF PENNSYLVANIA AND NEW JERSEY<br>One Port Center<br>2 Riverside Drive<br>Camden, NJ 08101<br>and | : | |
| PATROLMAN MATTHEW L. ROMANO<br>Badge No. 426<br>100 South Broadway<br>Camden, NJ 08014<br>and | : | |
| PATROLMAN SHAWN WATERS<br>Badge No. 414<br>100 South Broadway<br>Camden, NJ 08014<br>and | : | |
| PATROLMAN RICHARD RUDOLFI<br>Badge No. 355<br>100 South Broadway<br>Camden, NJ 08014<br>and | : | |
| PATROLMAN A. LATORRES<br>Badge No. 403<br>100 South Broadway<br>Camden, NJ 08014 | : | |

55

# CIVIL COMPLAINT

Plaintiff, Armetha Simpson, files this Complaint against Defendants, Delaware River Port Authority of Pennsylvania and New Jersey, Patrolman Matthew L. Romano, Patrolman Shawn Waters, Patrolman Richard Rudolfi and Patrolman A. Latorres and, in support thereof, alleges the following:

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is based upon 18 U.S.C. §1331, in that the Court has original jurisdiction of this matter which is based upon 42 U.S.C. §1983.  Supplemental jurisdiction is based upon 28 U.S.C. §1367 on Plaintiff's state claims of assault and battery and of intentional infliction of emotional distress.

2.      Venue is appropriate in this court pursuant to 28 U.S.C. §1391(b) in that the events giving rise to the claim occurred in this district.

## PARTIES

1.      Plaintiff, Armetha Simpson, is a 43-year-old African-American female, who was born on October 3, 1968, who is an Army specialist in the Armed Services of the United States, stationed at Fort Bragg, North Carolina, and is presently deployed in Afghanistan.

2.      Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, is a corporate and politic body, functioning under legislation enacted by the Commonwealth of Pennsylvania and the State of New Jersey, having authority to employ policemen to keep the safety and preserve order upon the bridges, tunnels, rapid transit systems, ferries, etc., or approaches thereto, with its registered office at One Port Center, 2 Riverside Drive, Camden, New Jersey 08101.

2

3.	Defendant, Patrolman Matthew L. Romano, Badge No. 426, at all times relevant herein, was employed as a transit police officer by Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, assigned to patrol the concourse area at 8th and Market Streets in Philadelphia, Pennsylvania near the entrance to the PATCO High Speed Line. The address of his headquarters is 100 South Broadway, Camden, New Jersey 08014.

4.	Defendant, Patrolman Shawn Waters, Badge No. 414, at all times relevant herein, was employed as a transit police officer by Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, assigned to patrol the concourse area at 8th and Market Streets in Philadelphia, Pennsylvania near the entrance to the PATCO High Speed Line. The address of his headquarters is 100 South Broadway, Camden, New Jersey 08014.

5.	Defendant, Patrolman , Richard Rudolfi, Badge No. 355, at all times relevant herein, was employed as a transit police officer by Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, assigned to patrol the concourse area at 8th and Market Streets in Philadelphia, Pennsylvania near the entrance to the PATCO High Speed Line. The address of his headquarters is 100 South Broadway, Camden, New Jersey 08014.

6.	Defendant, Patrolman A. Latorres, Badge No. 403, at all times relevant herein, was employed as a transit police officer by Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, assigned to patrol the concourse area at 8th and Market Streets in Philadelphia, Pennsylvania near the entrance to the PATCO High Speed Line. The address of his headquarters is 100 South Broadway, Camden, New Jersey 08014.

3

## FACTUAL BACKGROUND

1.      On January 26, 2010, Plaintiff was home in Philadelphia on a two-week R&R from her deployment in Afghanistan with the Armed Services of the United States.

2.      On said date, in the morning, Plaintiff went into Center City to meet up with her 16-year-old niece, Starcha Briggs, who attended the Constitution High School at 7th & Market Streets, as there was an early dismissal that day.

3.      On said date, at approximately 11:45 a.m., Plaintiff had descended into the subway concourse at 8th & Market Streets in Philadelphia with her niece to catch the train home.

4.      At that time, a group of youths had gathered at the bottom of the steps surrounding two girls who were fist-fighting each other in the area of the subway concourse near the bottom of the steps.

5.      When Plaintiff got to the bottom of the steps, she tried to break up the fist-fight by separating the girls who were fighting, and while she was doing so, another fight started, and her niece, Starcha Briggs, was pulled into that fight and knocked to the ground.

6.      Plaintiff then tried to break up that fight and lift her niece up from the ground.  As she was reaching for her niece, she was suddenly struck from behind on her head multiple times with a hard object, pulled up by her arms outstretched, hit again with the hard object over the back of her head, on her back, shoulders, side and the back of her knees which caused her to fall down on the ground on her stomach.

7.      While lying on the floor, she was struck again multiple times with a hard object on her head, back and legs.

8.      Plaintiff began to bleed profusely from her head.

4

9.    The men who struck her, as described above, were the four Delaware River Port Authority Transit policemen, Defendants Matthew L. Romano, Shawn Waters, Richard Rudolfi and A. Latorres, using their police batons to strike her.

10.    While on the ground, the Defendants handcuffed her arms behind her back.

11.    Plaintiff was transported by the Philadelphia Fire Rescue to Jefferson Hospital, accompanied by Defendants Waters and Romano.

12.    While at Jefferson Hospital, Plaintiff's head wound was closed with seven staples, and she was prescribed medication for pain.

13.    Plaintiff's clothing was so full of blood that the hospital staff gave her other clothes to wear.

14.    Plaintiff was then transported to the Central Detective Bureau where she was formally arrested and charged with aggravated assault (a felony of the 2nd degree), simple assault, recklessly endangering another person, resisting arrest and hindering apprehension, all misdemeanors.

15.    A Criminal Complaint was subsequently generated charging her only with simple assault, resisting arrest, hindering apprehension and the charge of disorderly conduct was later added by the District Attorney, all misdemeanors.

16.    Plaintiff was acquitted of the charges of hindering apprehension and simple assault on September 27, 2010.  On August 11, 2011, the Commonwealth withdrew prosecution on the remaining charges of resisting arrest and disorderly conduct, and the case was dismissed

17.    Solely as a result of the severe beating perpetrated upon Plaintiff by Defendants, Plaintiff sustained an injury to her head, a scalp laceration, injury to her lower back causing restriction of movement, from which she has suffered and continues to suffer, including having

5

ringing in her ears, severe headaches, dizziness, low-back of pain with restriction of movement, and pain and discomfort in her shoulders, hips, and knees. As a result of the head injury, Plaintiff now suffers from memory loss, and the head injury has affected her cognitive function. As a result of the injuries she sustained and the residual effect of these injuries, she has been assigned lighter duties by the Army. Plaintiff also now has a permanent scar on her scalp, and since she wears her hair short, the scar is visible.

18.    At all times relevant herein, the Defendant transit patrolmen were acting in the capacity of police officers employed by Defendant, Delaware River Port Authority of Pennsylvania and New Jersey.

19.    As a result of the arrest, Plaintiff was fingerprinted and photographed and incarcerated for over 24 hours, including being in a police cell under dirty, cold, crowded and inhumane conditions. Although Plaintiff was released on bond, she was under subpoena to return to court five times until her case was finally dismissed on August 11, 2011.

20.    Plaintiff had never been previously arrested for any offense in this jurisdiction or any other jurisdiction.

21.    As a result of the arrest, Plaintiff has a criminal record in the Commonwealth of Pennsylvania, as well as an FBI record, and the arrest appears on her Army record.

22.    As a result of the arrest, Plaintiff incurred the cost of posting bond. As a result of having to defend herself against the criminal charges, Plaintiff was caused to expend large sums of money for legal fees and investigation fees in order to prepare for her defense and incurred additional costs for transporting herself from Fort Bragg, North Carolina to Philadelphia to attend at least five court hearings, and will incur additional legal fees and costs in the future to

6

proceed to expunge her criminal record with the local, state and federal law enforcement authorities.

23.     As a result of her arrest and detention and the injuries she sustained, Plaintiff has also suffered severe mental distress, mental anguish and depression and still suffers from severe mental distress, mental anguish and depression.

## COUNT 1

### UNLAWFUL/FALSE ARREST/FALSE IMPRISONMENT/UNLAWFUL RESTRAINT/UNLAWFUL SEIZURE

24.     Paragraphs 1 through 23 are incorporated by reference hereto as though fully set forth herein.

25.     At the time Plaintiff was beaten, restrained, seized, arrested and detained by the Defendant patrolmen, Defendants were acting police officers on duty and employed by the Defendant, Delaware River Port Authority of Pennsylvania and New Jersey.

26.     The action by the Defendants in beating Plaintiff with their batons was unprovoked.

27.     At the time Plaintiff was struck by the Defendants with their batons, Plaintiff was not engaged in any criminal activity.

28.     The restraint and seizure of the Plaintiff on the date and time stated above, and under the circumstances as described above by the Defendant patrolmen, and the arrest of the Plaintiff for the charges of aggravated assault, simple assault, recklessly endangering another person, resisting arrest and hindering apprehension was without probable cause and was unlawful, in that: a) the Defendants did not have any reasonably trustworthy knowledge of facts

7

to warrant a prudent Police Officer in believing that Plaintiff had committed, or was committing,

to warrant a prudent Police Officer in believing that Plaintiff had committed, or was committing, a crime; and b) Defendants failed to properly evaluate the situation before restraining Plaintiff.

29.    Defendant patrolmen arrested Plaintiff and charged her with aggravated assault, simple assault, recklessly endangering another person, resisting arrest and hindering apprehension as a cover-up of their unprovoked assault on the Plaintiff and as a pretext to justify their brutal attack on her.

30.    The criminal charges against Plaintiff were resolved in her favor when she was acquitted of the charges of simple assault and hindering apprehension, and the remaining charges of resisting arrest and disorderly conduct were withdrawn by the prosecuting attorney.

31.    Plaintiff was restrained and detained by the Defendant patrolmen and in their custody from 11:40 a.m. on January 26, 2010 at the 8th and Market Streets subway concourse, while she was transported to Jefferson Hospital, while she was being treated at Jefferson Hospital until approximately 6:30 p.m. when she was transported to the police station, while she was in custody at the Central Detective Bureau until she was formally arrested, and then until approximately 4:00 p.m. on January 27, 2010 when she was arraigned and finally released on bond, a total of 24 and ½ hours.

32.    As a result of the unlawful arrest and unlawful detention by the Defendant patrolmen, Plaintiff sustained a monetary loss for the payment of bond fees, counsel fees and investigation fees in order to defend herself against these false charges, as well as the cost of transporting herself on five occasions to attend court hearings from Fort Bragg, North Carolina to Philadelphia, Pennsylvania, as well as the costs she will incur in the future for proceeding to obtain an expungement of her criminal record.

8

33.    As a result of the unlawful arrest, unlawful restraint, unlawful detention  false imprisonment, and, in additional to the monetary losses, Plaintiff has suffered from mental  and emotional  anguish, humiliation, mental and emotional distress, depression, and having the arrest on her military record and now having a criminal record.

**WHEREFORE**, Plaintiff seeks this Court enter judgment in her favor and against all Defendants for compensatory damages in excess of $150,000.00, and for punitive damages, reasonable attorney's fees and costs.

## COUNT II

### EXCESSIVE FORCE

34.    Paragraphs 1 through 33 are incorporated by reference hereto as though fully set forth herein.

35.    Defendants used excessive force in restraining Plaintiff and in effecting an arrest of the Plaintiff in that:

a)    their attack on Plaintiff was unprovoked;

b)    Plaintiff did not resist the officers;

c)    they used their batons as offensive weapons;

d)    they intentionally struck her on head multiple times with their batons and on the other parts of her body;

e)    there was no need to strike her on her head with their batons;

f)    they used more force than was necessary to restrain her;

g)    with four officers restraining her, the use of their batons was unreasonable and unnecessary;

h)    they continued to strike her even after she was down on the ground;

9

      i)     all of their strikes were from behind her;

      j)     they continued to strike her even after she was bleeding profusely.

36.     Defendants violated accepted police procedures of which they knew or should have known in attacking Plaintiff and striking her multiple times with their batons, including striking her on her head.

37.     As a result of their use of excessive force, Plaintiff sustained an injury to her head, injury to her brain, a scalp laceration requiring seven staples to close the wound, a permanent scar on her scalp, injury to her lower back causing restriction of movement, debilitating headaches, dizziness, loss of memory ringing in her ears, cognitive impairment, mental and emotional distress, depression and an inability to do her usual duties as a soldier, now relegated to lighter duties.

**WHEREFORE**, Plaintiff seeks this Court enter judgment in her favor and against all Defendants for compensatory damages in excess of $150,000.00 and for punitive damages, counsel fees and costs.

## COUNT III

## MALICIOUS PROSECUTION

38.     Paragraphs 1 through 37 are incorporated by reference hereto as though fully set forth herein.

39.     Defendant patrolmen's actions were malicious and constituted malicious prosecution by arresting Plaintiff and charging her with aggravated assault, simple assault, recklessly endangering another person, resisting arrest and hindering apprehension as a cover-up for their unprovoked physical attack on Plaintiff and to justify the use of their batons to strike her multiple times on the back of her head and on various other parts of her body.

10

40.     The criminal case was resolved in Plaintiff's favor when she was acquitted of some of the charges against her and all remaining charges against her were withdrawn.

41.     Defendants initiated the criminal proceeding without probable cause.

42.     As a result of the malicious prosecution, including the arrest and detention of approximately 24 hours, and being under subpoena to attend court hearings, Plaintiff suffered mental and emotional anguish, humiliation and embarrassment, from which she is still suffering, and which charges are on her military record, and she now has an arrest record with the FBI and a court record in addition to incurring monetary losses as described above.

**WHEREFORE**, Plaintiff seeks this Court enter judgment in her favor and against all Defendants in an amount in excess of $150,000.00 for compensatory damages, punitive damages, plus reasonable attorney's fees and costs.

## COUNT IV

## CIVIL CONSPIRACY

43.     Paragraphs 1 through 42 are incorporated by reference hereto as though fully set forth herein.

44.     Defendants, Rudolfi, Latorres, Romano and Waters agreed to, and worked in concert with each other to violate Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unlawful seizure by unlawfully restraining her, arresting her, detaining her, striking her, unprovoked, multiple times, and injuring her by using excessive force while she was in the concourse at 8th and Market Streets in Philadelphia and while she was trying to extricate her niece from a fight in which she was attacked by other youths.

11

45.     As a result of Defendant patrolmen's unlawful conspiracy to seize and injure Plaintiff as described above, they caused Plaintiff to sustain serious bodily injury, mental and emotional anguish, humiliation and depression from which she is still suffering, as well as having a criminal record, as more fully described above.

46.     As a result of Defendant patrolmen's conspiracy as described above, Plaintiff sustained monetary losses for counsel fees, investigation fees and costs in order to prepare herself to defend against these charges, cost of release bond and cost of transporting herself from Fort Bragg, North Carolina to Philadelphia to attend five court hearings, plus the costs she will incur to expunge her criminal record.

**WHEREFORE**, Plaintiff seeks this Court enter judgment in her favor and against all Defendants in an amount in excess of $150,000.00 for compensatory damages, punitive damages, plus reasonable attorney's fees and costs.

## COUNT V

### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

47.     Paragraphs 1 through 46 are incorporated by reference hereto as though fully set forth herein.

48.     The unlawful restraint, seizure, arrest and detention of the Plaintiff by the Defendant patrolmen, and the arbitrary, capricious, unnecessary, aggressive and excessive use of force on her by the Defendant patrolmen, constituted an unlawful seizure of her person, and in violation of her rights under Fourth and Fourteenth Amendments of the United States Constitution against unlawful seizure and deprivation of her liberty.

12

49.    The malicious prosecution of Plaintiff by the Defendant patrolmen deprived her of her liberty in violation of her rights under the Fourth and Fourteenth Amendments of the United States Constitution.

50.    The conspiracy of Defendant patrolmen to unlawfully detain and arrest Plaintiff, use excessive force in restraining her and in maliciously prosecuting her, constituting an unlawful seizure and deprivation of her liberty, violated her rights under the Fourth and Fourteenth Amendments of the United States Constitution.

51.    As a result of the violation of her constitutional rights and guarantees to be free from unlawful seizure of her person, and to be free from the use of such excessive force on her by a police officer and an unprovoked assault on her, and to be free from malicious prosecution, Plaintiff sustained monetary losses, including but not limited to payment of counsel fees and investigation fees in order to defend herself against these false charges, the cost of a pre-release bond, as well as the cost of transporting herself on five occasions to attend five court hearings from Fort Bragg, North Carolina to Philadelphia, Pennsylvania, and the costs she will incur in the future for filing petitions to obtain an expungement her criminal record.  In addition, she has suffered physical injuries, from which she is still suffering, including but not limited to a head injury causing her frequent headaches and dizziness, cognitive impairment, ringing in her ears, a scalp laceration resulting in a permanent scar on her head, injury to her back resulting in pain and restriction of the use of her back, for all of which she is receiving medical attention and will have to continue to receive medical attention well into the future; in addition to not being able to attend to her usual and daily duties, resulting in her being put on restricted/light duties, suffering inconvenience, mental anguish, emotional distress, humiliation, depression and having this arrest appear on her military record, in addition to now having a state and FBI criminal record.

13

WHEREFORE, Plaintiff seeks this Court enter judgment in her favor and against all Defendants in an amount in excess of $150,000.00 for compensatory damages, plus punitive damages and reasonable attorney's fees and costs.

## COUNT VI

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     Paragraphs 1 through 51 are incorporated by reference hereto as though fully set forth herein.

53.     Defendants' conduct in unlawfully seizing her, striking her multiple times in the head with police batons, also on her shoulders, back, side and in the back of both her knees, even after she fell to the floor, and causing her the injuries she sustained as a result thereof, was conduct which was both extreme and outrageous as to be beyond all possible bounds of decency, was both intentional and/or reckless, and which caused her severe mental and emotional distress as well as physical injuries as more fully described above, of which she is still suffering and which she may continue to suffer well into the future.

54.     Defendants are liable to the Plaintiff for damages under Pennsylvania law for the emotional and mental distress and emotional damage she sustained as a result of their conduct as described above.

WHEREFORE, Plaintiff seeks this Court enter judgment in her favor and against all Defendants and award to her compensatory damages in excess of $150,000.00 plus punitive damages and reasonable attorney's fees and costs.

14

## VII

## ASSAULT AND BATTERY

55.     Paragraphs 1 through 54 are incorporated by reference hereto as though fully set forth herein.

56.     Defendants' unprovoked attack on the Plaintiff was an unprovoked assault and battery on the Plaintiff, which caused her physical injuries, including but not limited to a head injury, a severe laceration of her head, a permanent scar, multiple bruises and contusions to various parts of her body from which she has suffered pain and discomfort and will continue to suffer pain and discomfort and full use of her body into the future, including debilitating headaches and restriction of movement of her back which has interfered with her ability to conduct her usual daily duties.

**WHEREFORE**, Plaintiff seeks this Court enter judgment in her favor and against all Defendants and award to her compensatory damages in an amount in excess of $150,000.00 plus punitive damages and reasonable attorney's fees and costs.

## COUNT VIII

## SUPERVISOR/PRINCIPAL/EMPLOYER LIABILITY

57.     Paragraphs 1 through 56 are incorporated by reference hereto as though fully set forth herein.

58.     Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, breached its duty to properly train and supervise Defendants, Waters, Rudolfi, Latorres and Romano, concerning arresting individuals, including Plaintiff herein, while patrolling in the subway concourse area, including handling crowd control and people engaging in fighting, and in the use of force, particularly the use of a police baton, in what circumstances and on what

15

specific parts of the body, including never to be used on the head, never to be used as an offensive weapon, never to be used if not necessary and never to be used if there are other means available to restrain an individual.

59.     As a result thereof, Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution by failing to train and supervise said patrolmen in the handling of crowds and people fighting, in crowd control, and in arming them with batons without proper training, all of which amounts to a deliberate indifference to the rights of persons with whom the patrolmen could come into contact in the course of their duties and particularly in a  crowd  engaged in fighting, including indifference to the rights of Plaintiff, by  unlawfully restraining her, attacking her with their batons multiple times on her head, shoulders, arms, back and back of her knees, all without provocation, causing her to suffer severe injuries to her head, multiple bruises and contusions to various parts of her body, causing her to suffer severe physical pain and severe mental and emotional distress, compensatory losses as more fully described above, a military record for assault and a civilian criminal record.

60.     As a result of their lack of training and supervision, Defendant patrolmen failed to properly assess the situation occurring in the subway concourse on January 26, 2010, failed to properly control the crowd, and used their batons on Plaintiff by striking her on the head without provocation and without reason or necessity.

61.     As a direct result of their lack of training to assess and control the situation and assaulting an  innocent person, Plaintiff herein, Plaintiff sustained the injuries as described above.

16

**WHEREFORE**, Plaintiff seeks this Court enter judgment in her favor and against all Defendant, Delaware River Port Authority of Pennsylvania and New Jersey, for compensatory damages in an amount in excess of $150,000.00 plus punitive damages, counsel fees and costs.

Respectfully submitted,

**JOYCE ULLMAN, ESQUIRE**
Attorney ID No. 12736
21 S. 12th Street, Suite 900
Philadelphia, PA  19107
215-751-1121
215-751-1063 (Fax)
Attorney for Plaintiff, ARMETHA SIMPSON

**Date:  January 23, 2012**

17

## VERIFICATION

I, **Armetha Simpson,** verify that I am the Plaintiff in the within matter, state that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information and belief.  I understand that the statements made therein are subject to the penalties of 18 Pa. C. S. § 4904 relating to unsworn falsification to authorities.

**ARMETHA SIMPSON**

DATE:   January 23, 2012